PEOPLE OF PUERTO RICO, Plaintiff and Appellee *v.* PEDRO F. GOTAY, Defendant and Appellant.

No. 4581. Argued April 19, 1932.—Decided May 11, 1932.

*Angel Arroyo Rivera* for appellant.   *E. Díaz Viera, Assistant Fiscal,* for appellee.

Mr. Justice Aldrey delivered the opinion of the Court.

Pedro F. Gotay appeals from a judgment whereby he was convicted of libel and sentenced to 30 days' imprisonment in jail.

In the information it was charged that on January 10, 1931, while the appellant was the editor of the newspaper "J'Accuse," published weekly in this city, he allowed to be published and did publish in said newspaper an article entitled "Out of the Casino" which is transcribed in the information and which was introduced at the trial and has been read by us, but which we shall not copy here, it being sufficient to say that the same refers to Dr. Isaac González Martínez, president of the Casino de Puerto Rico, of this city, who was at the time a candidate for reëlection to that office, and that in said publication scandalous, immoral, and also criminal conduct was imputed to him.

We shall first take up the second of the three errors assigned, whereby the appellant seeks a reversal of the judgment. It is urged therein that the evidence failed to show that the article referred to Dr. Isaac González Martínez, president of the Casino de Puerto Rico; but the testimony given on that point by three witnesses at the trial leaves no doubt whatever that the fact denied by the appellant was established by the circumstances stated by said witnesses.

By the first ground of appeal it is claimed that it was error not to hold that the article published by the defendant was a privileged communication which demanded an acquittal.

Section 245 of the Penal Code states that an injurious publication is presumed to have been malicious if no justifiable motive for making it is shown; and section 248 provides that each author, editor, and proprietor of any book, newspaper, or serial publication, is chargeable with the publication of any words contained in any part of such book or number of such newspaper or serial. With respect to newspaper reporters, section 249 says:

"No reporter, editor, or proprietor of any newspaper is liable to any prosecution for a fair and true report of any judicial, legislative or other public official proceedings, or any statement, speech, argument, or debate in the course of the same, except upon proof of malice in making such report, which shall not be implied from the mere fact of publication."

The article published in the newspaper "J'Accuse" is not covered by section 249 just cited, inasmuch as it does not refer to any judicial, legislative, or other public official proceedings, or to any statement, speech, argument, or debate in the course of the same, but to the president of the Casino de Puerto Rico, which is a private association. Nor is the appellant protected by section 259 of the same code which provides that a communication made to a person who is interested in the communication, by one who was also interested or who stood in such relation to the former as to afford sufficient ground for supposing his motive innocent, is not presumed to be malicious, and is a privileged communication, since in this case the communication was made to the public in general. There was no privileged communication in the instant case.

The last assignment of error made is that the lower court erred in not acquitting the defendant for lack of evidence. The grounds on which this assignment is based are: First, that as it had been shown that Dr. González Martínez was a candidate for reëlection as president of the Casino de Puerto Rico, his status as such candidate involved a waiver of his right not to have his conduct subjected to public criticism; second, that it has not been shown that the publication re-

ferred to Dr. González Martínez; and, third, that the report contained in the article regarding the crime of adultery imputed was false.

As to the first ground it will suffice to say that the office of president of the Casino de Puerto Rico is not a public office, but a private one.

As regards the second ground, the same was determined at the beginning of this opinion in the sense that it had been shown that the article did refer to Dr. Isaac González Martínez.

The third ground is not tenable either, because any injurious publication is presumed by law to be malicious and it is incumbent on the defendant to show the falsity of the facts charged, the good motive of the publication, and the justifiable ends therefor. In *People* v. *Rivera,* 24 P.R.R. 585, we held that all slanderous statements made publicly shall be presumed to be malicious and shall constitute the crime of slander; and in *People* v. *Gotay,* 39 P.R.R. 681, we declared that the defendant therein presented no evidence, nor attempted to show that the statements in the newspaper were true and published with good motives and for justifiable ends, as set out in the statute. Therefore, the third error assigned is also nonexistent.

The judgment appealed from must be affirmed.